## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE–WESTERN DIVISION

**VALORIE JACOBS**

      **Plaintiff,**

                                **Case No.**

**vs.**

                                **JURY DEMANDED**

**PEABODY HOTEL GROUP, INC.,**

      **Defendant.**

## COMPLAINT

Plaintiff, Valorie Jacobs, by and through counsel, hereby files this Complaint against Defendant, Peabody Hotel Group, Inc. ("Peabody"), for race-based employment discrimination and retaliation, and would show as follows:

### I.       PARTIES

1. Plaintiff, Valorie Jacobs, is an adult resident of Shelby County, Tennessee.

2. Defendant, Peabody, is a Tennessee corporation with a principle place of business located at 100 Peabody Place, Suite 1400, Memphis, Tennessee 38103. Peabody can be served with service of process on its registered agent, Martin S. Belz, at 5118 Park Avenue, Memphis, Tennessee 38117.

3. Defendant, Peabody, is an entity engaged in interstate commerce with more than fifteen employees, and, as such, is an employer for purposes of 42 U.S.C. § 2000e(b).

### II.       JURISDICTION AND VENUE

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination and retaliation.

5. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f)(3).

6. The Western District of Tennessee–Western Division is the appropriate venue for this action because Plaintiff Valorie Jacobs would be currently employed in Shelby County, Tennessee were it not for the unlawful employment practices of Peabody and because the unlawful employment practices occurred in Shelby County, Tennessee.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has since exhausted his administrative remedies and received a valid notice of right to sue, dated August 8, 2018, a copy of which is attached hereto as "Exhibit A".

8. This action is commenced within 90 days of receipt of the notice of right to sue, thus this matter is timely filed.

### III.   FACTS

9. Plaintiff, who is African-American, was hired by Peabody as a nail tech on October 2, 2015.

10. During Ms. Jacobs' employment at Peabody, she was subjected to racial discrimination by her supervisor, Lisa Rafferty, a Caucasian female.

11. Ms. Rafferty gave Caucasian employees preferential treatment over African-American employees in many ways, including but not limited to, booking clients, going home early, and use of the company spa and gym.

12. This preferential treatment created a hostile work environment for the African-American employees and directly affected their salary because the nail techs were paid on commission.

13. In February of 2017, a white coworker yelled at Ms. Jacobs, cursed at her, and advised her he was "sick of black people." Ms. Jacobs reported the incident to Ms. Rafferty, but Ms. Rafferty did not take any action to address the matter, and the white coworker was not disciplined.

14. On another occasion, Ms. Rafferty referred to one of Ms. Jacobs' African-American co-workers as a "monkey."

15. Ms. Jacobs reported the pattern of discrimination to Donna Golden, Peabody's director of human resources. Ms. Golden did not take any action to address the discriminatory behavior.

16. Ms. Jacobs also reported the issue to Doug Browne, the General Manager of Peabody. Mr. Browne also failed to take any action to address the problems.

17. On August 10, 2017, Ms. Jacobs sent an anonymous letter to Ronald Belz, the president of Peabody, outlining her complaints.

18. Although her letter was sent anonymously, Peabody was able to identify Ms. Jacobs as the sender of the letter due to her prior complaints of discrimination.

19. On August 25, 2017, Ms. Jacobs was suspended. On August 30, 2017, she was terminated.

20. Peabody's suspension and termination of Ms. Jacobs was in retaliation for Ms. Jacobs' repeated complaints about racial discrimination.

21. At the time of her termination, Plaintiff was earning approximately $650.00 a week on average.

22. Since her termination, Plaintiff has been unable to find equivalent work. Despite her best efforts to find employment, Plaintiff was unemployed until approximately three

weeks ago. She is currently employed, but is making less than $300 a week on average.

23. Additionally, the discrimination and retaliation Plaintiff has suffered at the hands of Peabody has decreased her ability to earn a living have taken an emotional toll on Plaintiff. Ms. Jacob has suffered stress, anxiety, worry and other consequential damages as a result of Peabody's conduct.

24. At all times, Plaintiff was qualified for the positions she held and performed her position's essential duties in a satisfactory manner.

## CAUSES OF ACTION

25. Plaintiff is a member of a protected class of employees due to her race.

26. Defendant discriminated against Plaintiff on the basis of his race in violation of 42 U.S. § 2000e-2 by subjecting her to a hostile work environment, giving Caucasian employees preferential treatment concerning booking clients and use of company facilities, allowing employees to use abusive racial language toward African-Americans.

27. Defendant retaliated against Plaintiff in violation of 42 U.S. § 2000e-3 by terminating her after she made complaints about the racial discrimination she experienced.

28. The effect of Defendant's unlawful practices has been to deprive Plaintiff of equal employment opportunities and to adversely affect her employment status.

29. As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages, including past, present, and future earnings, bonuses, and other employment benefits.

30. As a result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer damages related to the impairment to his employment record.

31. As a result of Defendant's discriminatory conduct, Plaintiff continues to suffer embarrassment, anxiety, emotional injuries, and other consequential damage and expense.

32. The unlawful employment practices complained of above were intentional. Each of these unlawful employment practices was committed with malice or reckless indifference for Plaintiff's federally protected rights, entitling her to punitive damages.

## TRIAL BY JURY REQUEST

33. Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff respectfully requests that this Court find that Defendant discriminated against Plaintiff based on her race and retaliated against her in violation of 42 U.S. § 2000e-2 & 2000e-3.

35. Plaintiff respectfully requests that this Court declare the discriminatory and retaliatory conduct by Defendant unlawful and enjoin Defendant from further unlawful employment practices.

36. Plaintiff respectfully requests that this Court make Plaintiff whole by providing compensation in amounts to be determined at trial, with pre-judgment interest, for lost wages and benefits resulting from the discriminatory and retaliatory conduct and for other consequential damages, including Plaintiff's emotional damages.

37. Plaintiff respectfully requests that the Court order reinstatement into a comparable position for Plaintiff, or an award of front pay if reinstatement is determined to be impractical.

38. Plaintiff respectfully requests that the Court award punitive damages to Plaintiff for Defendant's malicious, intentional, and reckless conduct described above.

39. Plaintiff respectfully requests that the Court order Defendant to pay reasonable attorneys' fees associated with the prosecution of this action.

40. Plaintiff respectfully requests that the Court order such other relief as the Court deems necessary and proper.

Respectfully Submitted,

REAVES LAW FIRM, PLLC

s/Eric J. Lewellyn
Henry E. Reaves, III, 28348
Eric J. Lewellyn, 25524
*Attorneys for Plaintiff*
4466 Elvis Presley Blvd, Suite 310
Memphis, Tennessee 38116
Phone: (901) 417-7166
Fax: (901) 328-1352
Henry.Reaves@beyourvoice.com
Eric.Lewellyn@beyourvoice.com